Howard Marc Spector
TBA #00785023
SPECTOR & COX, PLLC
12770 Coit Road, Suite 850
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
EMAIL: hspector@spectorcox.com

**COUNSEL FOR THE DEBTORS**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| EYM Pizza, L.P., et al., | § | CASE NO. 24-41669-11 |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |

### DEBTORS' MOTION AUTHORIZING THE DEBTORS TO
### MAINTAIN EXISTING CORPORATE BANK ACCOUNTS
### <u>AND FOR RELATED RELIEF</u>

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion/Objection/Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

EYM Pizza, L.P., EYM Pizza of Illinois, LLC, EYM Pizza of Indiana, LLC, EYM Pizza of Georgia, LLC, EYM Pizza of SC, LLC and EYM Pizza of Wisconsin, LLC (together, the

"**Debtors**"), debtors in the above styled and referenced bankruptcy cases, hereby move this Court for entry of an Order under 11 U.S.C. §§ 507(a)(3) and (4) and 105(a) authorizing the Debtors to continue to utilize their pre-petition bank accounts and for related relief (the "**Motion**"). In support of this Motion, the Debtors respectfully represent as follows:

1. On July 22, 2024, the Debtors each filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "**Bankruptcy Code**").

2. The Debtors continue to operate their business and manage their property as debtors and debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3. No trustee or examiner has yet been appointed in the Debtors' Chapter 11 cases, and no committees have been appointed or designated by the United States Trustee.

4. The bases for the relief requested herein are sections 105, 345, 363, 503, and 507 of Title 11 of the Bankruptcy Code, and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

5. In the ordinary course of business, the Debtors have operated their financial affairs through multiple bank accounts. The pre-petition bank accounts (the "**Pre-Petition Accounts**") are located at regional banks that are located near the various restaurants. A list of the pre-petition bank accounts is attached hereto as **Exhibit A**. The Debtors conduct daily reviews of these accounts and have cash management controls for entering, processing, and releasing funds.

6. The Debtors proposed to continue using the Pre-Petition Accounts, while also sweeping those funds on a regular (often daily) basis into DIP accounts at an authorized depository so that all expenses can be paid out of an authorized DIP account. Since the Debtors have locations in five states, it would be challenging and time consuming for each store to close its Pre-Petition Accounts and deposit funds into local DIP accounts, especially since the DIP accounts are

maintained at a bank without locations near the stores. Therefore, cause exists for the Debtors to be authorized to continue to utilize the Pre-Petition Accounts to avoid disruption to the Debtors' business to the detriment of the Debtors' estates and stakeholders. Accordingly, to minimize such disruption, the Debtors request authority to continue to use the Pre-Petition Accounts in the ordinary course on a post-petition basis, consistent with historical practices. At no time would the Pre-Petition Accounts have any substantial balance, let alone a balance in excess of the federal deposit insurance (FDIC) limit of $250,000.00.

7. Pursuant to 28 U.S.C. § 586(a)(3) and the U.S. Trustee Guidelines, debtors-in-possession are required to, among other things: (a) close all existing bank accounts and open new debtor-in-possession accounts; (b) establish one debtor-in-possession bank account for all estate monies required for the payment of taxes, including payroll taxes; and (c) maintain a separate debtor-in-possession account for cash collateral (collectively, the "**Accounting Requirements**").

8. Notwithstanding the Accounting Requirements, section 363(c)(1) authorizes a debtor-in-possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). Bankruptcy Courts routinely treat requests for authority to continue using existing cash management systems as a relatively "simple matter." *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987). In addition, in granting such relief, courts recognize that the importance of "efficient utilization of cash resources and . . . the impracticalities of maintaining separate cash accounts for the many different purposes that require cash." *In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 934 (Bankr. D. Del. 1992), *aff'd in relevant part*, 997 F.2d 1039, 1061 (3rd Cir. 1993).

9. The Debtors further request authorization to continue to pay, honor, or deduct certain bank fees from the Pre-Petition Accounts. Absent payment of the bank fees, those banks might assert setoff rights against the funds in the Pre-Petition Accounts, freeze the Pre-Petition Accounts, and/or refuse to provide banking services to the Debtors. Accordingly, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors seeks authority to pay and/or reimburse any bank fees incurred in the ordinary course of business.

10. The Debtors also request that the Court grant further relief from any applicable guidelines that require the Debtors to make all disbursements by check. In the ordinary course of business, the Debtors conduct transactions through methods, including, but not limited to, wires, ACH transactions, direct deposits, and other similar methods. If the Debtors' ability to conduct transactions by these methods is impaired, the Debtors may be unable to perform under certain contracts, and payments to vendors could be delayed, resulting in unnecessary disruption to business operations and the incurrence of additional costs.

11. Finally, to the extent that the relief sought in the Motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

12. The Debtors respectfully submit that cause exists to continue to allow the Debtors to use their Pre-Petition Accounts as described herein. The Debtors will work in good faith with the U.S. Trustee, however, to resolve any concerns regarding the continued use of such accounts on a post-petition basis. To facilitate the resolution of any concerns preemptively, the Debtors acknowledge that they will attach statements for both the Pre-Petition Accounts and the DIP accounts to the monthly operating reports required by the United States Trustee; they will notify

the United States Trustee as to the specific DIP account(s) being used by each Debtor; and no Debtor should use the same DIP account.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: September 20, 2024

Respectfully submitted,

By: */s/ Howard Marc Spector*
    Howard Marc Spector
    TBA #00785023

SPECTOR & COX, PLLC
Banner Place, Suite 850
12770 Coit Road
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
EMAIL: hspector@spectorcox.com

COUNSEL FOR DEBTORS