IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-41669 |
| EYM PIZZA, L.P., ET AL | | |
| | § | CHAPTER 11 |
| DEBTOR | § | (JOINTLY ADMINISTERED) |

# MOTION OF KEEN REALTY & MANAGEMENT, LLC FOR RELIEF FROM AUTOMATIC STAY AGAINST PROPERTY AND WAIVER OFTHIRTY (30) DAY HEARING REQUIREMENT

## 14-DAY NEGATIVE NOTICE – LBR 4001(a):

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you *must* file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE JUDGE OF SAID COURT:

KEEN REALTY & MANAGEMENT, LLC ("Movant") files this Motion for Relief From Automatic Stay Against Property and would show the court the following:

Background and Jurisdiction

1. This court has jurisdiction over this contested matter pursuant to 28 U.S.C. Sections 157 and 1334, and the Order of Reference of the United States District Court for the Eastern District of Texas.

2. This motion is made pursuant to 11 U.S.C. Section 362(d) and is governed by Federal Bankruptcy Rules 4001(a) and 9014 and Local Bankruptcy Rule 4001(a).

3. This action is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(G).

4. On or about July 22, 2024, EYM PIZZA, L.P. ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. Movant, as landlord representative of 43rd J. Pulaski, LLC, which is the owner of the property located at 4346 South Pulaski, Chicago, Illinois 60637 (hereinafter called the "Collateral"), holds a claim evidenced by that certain Lease Agreement (the "Lease") dated August 15, 2017, executed by Debtor and payable to Movant. Such lease is for the lease of the Collateral. A true and correct copy of the Lease is attached as Exhibit "A". All attached exhibits are incorporated herein for all purposes.

5. Movant is the owner and holder of the Lease and is entitled to receive all money due under its terms. Debtor has allowed insurance to lapse/expire, and therefore, there is no insurance covering the Collateral and Debtor is delinquent in payments under the lease both pre and post petition.

## Grounds for Relief

6. The automatic stay created by the filing of the petition for relief should be terminated pursuant to 11 U.S.C., § 362(d) to allow Movant to exercise its rights and remedies under non-bankruptcy law against the Collateral, either judicially or nonjudicially, including the right to foreclose its liens and security interests in the Collateral, and apply the proceeds derived from such foreclosure sales to the net unpaid balance of the Notes. The automatic stay in this bankruptcy proceeding should be terminated in this case for cause, including the following:

    a. <u>Lack of adequate protection of Movant's interest in the Collateral</u>.
        The Debtor has allowed insurance covering the Collateral to expire/lapse on the Collateral.

      b.    <u>Lack of adequate protection of Movant's interest in the Collateral</u>. The Debtor is using the Collateral, but Debtor is not current in payments to Movant pursuant to the Lease and, therefore, Movant is not adequate protection.

7. Alternatively, the stay as to the Collateral should be terminated, because the Debtor has no equity in the Collateral and the Collateral is not necessary to an effective reorganization of the Debtor.

8. Alternatively, Movant requests the Court to enter an order conditioning the continuation of the automatic stay on the Movant providing adequate protection of Movant's interest in the Collateral. Such adequate protection should consist of, at a minimum, Respondent curing all arrearages and resuming regular payments on the Lease, Respondent maintaining effective full coverage insurance on the Collateral, and Respondent reimbursing Movant for its expenses incurred in bringing this motion, including reasonable attorney's fees.

9. By alleging specific grounds for the termination of the automatic stay under Section 362(d) of the Bankruptcy Code, Movant does not waive the requirements of Section 362(g) of the Bankruptcy Code allocating the burden of proof in hearings held on this motion.

10. Nothing herein is a waiver by Movant of its claim for any deficiency on the indebtedness or any part thereof that remains after disposition of the Collateral and the exercise by Movant of its rights under the security documents described above and applicable law.

<u>Prayer for Relief</u>

WHEREFORE, pursuant to 11 U.S.C. § 362(d), Movant seeks relief from the automatic stay as to the Collateral described above that secures the Lease in order to allow Movant to give all notices required by applicable law and by the Lease to allow Movant's to proceed against the Collateral, and to exercise all Movant's rights and remedies under said Lease and applicable law against the Collateral.

Movant further prays for such other and further relief to which it may be justly entitled to receive.

Respectfully submitted this 27th day of November, 2024.

        OFFERMAN & KING, L.L.P.


       BY: /s/ James W. King     .
         JAMES W. KING
         SDID #18249
         TBA #00791029
         6420 WELLINGTON PLACE
         BEAUMONT, TEXAS 77706
         PHONE: 409/860-9000
         FAX:  409/860-9199
         jwk@offermanking.com
       ATTORNEY IN CHARGE FOR MOVANT

CERTIFICATE OF SERVICE

      I hereby certify that true and correct copies of the foregoing have been forwarded to the following parties by electronic means or by first-class mail:

<u>Attorney for Debtor</u>:

Howard Marc Spector
12770 Coit Rd.
Suite 850
Dallas, TX  75251

<u>U.S. Trustee</u>:

U.S. Trustee
110 N. College
Suite 300
Tyler, TX  75702

<u>Debtor</u>:

EYM Pizza, L.P.
4925 N. OConnor Blvd.
ST 200
Irving, TX  75062

EYM Pizza of Illinois, LLC
4925 N. OConnor Blvd.
ST 200
Irving, TX  75062

<u>Party in Interest</u>:

Salvador Elias
EYM Group, Inc.
450 E. John Carpenter Fwy. #100
Irving, TX 75062

      And all Creditors on the attached Matrix.

      SIGNED AND DONE on this 27th day of November, 2024.

      /s/ James W. King                    .
      James W. King