IN THE UNITED STATES BANKRUPTCY
COURT FOR THE EASTERN DISTRICT OF
TEXAS SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EYM PIZZA, L.P., et al., | ) ) | Case No. 24-41669-btr11 |
| Debtors. | ) ) | (Jointly Administered) |

**NATIONAL SURETY TRUST II, LLC'S MOTION FOR ENTRY OF ORDER COMPELLING REJECTION OF NONRESIDENTIAL REAL PROPERTY LEASE AND PAYMENT OF POSTPETITION LEASE OBLIGATIONS AND GRANTING RELATED RELIEF**

### 21 DAY NEGATIVE NOTICE – LBR 9007(a):

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

National Surety Trust II, LLC ("**NST**"), by counsel, files this Motion for Entry of Order Compelling Rejection of Nonresidential Real Property Lease and Payment of Postpetition Lease Obligations and Granting Related Relief (the "**Motion**") and hereby requests entry of an order (i) compelling EYM Pizza of Indiana, LLC ("**EYM Indiana**") to immediately reject its nonresidential real property lease with NST and pay all post-petition obligations, including attorneys' fees and costs, under the lease and (ii) awarding NST an administrative expense claim

1

for all such unpaid postpetition obligations. In support of this Motion, NST respectfully states as follows:

## I.     JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. Venue lies properly in this Court pursuant to 28 U.S.C. § 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. The statutory predicates for the relief requested herein are sections 105, 365, and 503 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Code**"), and Rule 6006 of the Federal Rules of Bankruptcy Procedure.

## II.     BACKGROUND

3. On July 22, 2024 (the "**Petition Date**"), EYM Indiana and its debtor affiliates filed voluntary petitions for relief under chapter 11 of the Code, commencing the above-captioned jointly administered bankruptcy case.

4. As of the Petition Date, EYM Indiana and NST were parties to a certain commercial lease relating to 7878 E. Ridge Road, Hobart, Indiana (the "**NST Property**").

5. NST, as landlord, previously leased the NST Property to Pizza Hut of America, LLC, as tenant, pursuant to an In-Line Lease dated June 26, 2015, as amended by a First Amendment to Agreement of Lease dated July 16, 2015. Said In Line Lease and First Amendment to Agreement of Lease are attached hereto as **Exhibits 1 and 2**, which are incorporated herein in their entirety and hereinafter are collectively referred to as the "**NST Lease**."

6. Pizza Hut of America, LLC's interests as tenant under the NST Lease were assigned to Codebtor EYM Indiana, pursuant to an Asssignment and Assumption of Lease

2

Agreement, attached hereto as **Exhibit 3** and incorporated herein in its entirety.

7. EYM Indiana remains in possession of the NST Property as of the date of this Motion because it has failed to voluntarily surrender possession of the NST Property and because a significant amount of personal property of EYM Indiana remains on the NST Property but, on information and belief, EYM Indiana is no longer operating its business therein.

8. To date, EYM Indiana has failed to comply with its obligations to pay post-petition rents and other lease amounts, as required under 11 U.S.C. § 365(d)(3). 11 U.S.C. § 365(d)(3), provides, "The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3).

9. Because of EYM's failure to comply with 11 U.S.C. § 365(d)(3), NST previously objected to Debtors' prior Motion for Entry of an Order Extending Period within which the Debtors Must Assume or Reject Unexpired Lease of Non-Residential Real Property. Said Motion was Dock. No. 143 and is hereinafter referred to as the "**Debtor's Motion to Extend**." NST's Objection to same was Dock. No. 171 and is hereinafter referred to as "**NST's Objection**."

10. NST and EYM Indiana resolved NST's Objection to Debtor's Motion to Extend by agreeing to the terms and provisions as set forth in paragraph 3 of the Court's Order Granting Debtor's Motion for Entry of an Order Extending Period within which the Debtors Must Assume or Reject Unexpired Lease of Non-Residential Real Property [Dock. No. 182], a copy of which is attached hereto as **Exhibit 4**. Such Order is hereinafter referred to as the "**Order Granting Extension**."

11. Paragraph 3 of the Order Granting Extension provided that in exchange for EYM Indiana obtaining an extension to assume or reject, as contemplated by Debtor's Motion to Extend, NST was to receive the amounts that it would be entitled to receive under 11 U.S.C. § 365(d)(3) at various times as set forth in more detail within paragraph 3 of the Order Granting Extension. Included in EYM Indiana's payment obligations to NST were "(i) all rents and other lease amounts due under the applicable lease, prorated for the month of July 2024, (ii) all rents and other lease amounts due under the applicable lease for August 2024 and September 2024, and (iii) all of NST's reasonable postpetition legal fees incurred." P. 2, ¶ 3 of the Order Granting Extension, attached hereto as Exhibit 4.

12. The Order Granting Extension, further provided that "[i]f the foregoing amounts are not paid by December 31, 2024, then the lease of the NST Property shall be automatically deemed rejected, effective as of 11:59 P.M, December 31, 2024." P. 2 and 3, ¶ 3 of the Order Granting Extension, attached hereto as Exhibit 4.

13. EYM Indiana failed to pay said amounts due on or before December 31, 2024, and the NST Lease has been deemed to be rejected, effective as of December 31, 2024, according to the terms of the Order Granting Extension. However, EYM has failed to formally surrender the NST Property, and EYM continues to maintain personal property on the NST Property.

14. The NST Lease provides that EYM Indiana has ten days from any termination of the NST Lease to remove its personal property and fixtures. P. 14, Section 7.11 of the NST Lease, attached hereto as Exhibit 1.

15. The NST Lease further provides that EYM Indiana shall be deemed to be in default of the NST Lease if it fails to pay any amount due with ten days after receipt of notice

4

from NST and that NST is not entitled to dispossess EYM Indiana of the NST Property pursuant to any "'lock-out' or other non-judicial remedy." P. 21, Section 14 of the NST Lease, attached hereto as Exhibit 1.

16. While the Order Granting Extension may give NST some comfort in knowing that the NST Lease is to be rejected, NST is filing this Motion so that it may pursue the formal eviction proceedings required under the NST Lease, with the understanding that such eviction proceedings may also include the removal of EYM's personal property on the NST Property because EYM Indiana has failed to voluntarily surrender possession of the NST Property to NST. Moreover, NST has noted that EYM Indiana has filed a separate motion to reject numerous leases, which includes the NST Lease, despite the terms of the Order Granting Extension.

### III.    RELIEF REQUESTED

17. By this Motion, NST requests the entry of an order compelling EYM Indiana to (i) reject the NST Lease and immediately vacate the Premises and (ii) pay all Postpetition Rent through the date it vacates the Premises, plus NST's attorneys' fees and costs.

### IV.    BASIS FOR RELIEF

18. Section 365(d)(3) of the Code requires, with exceptions not applicable here, that a debtor in possession "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3).

*19.* This provision "insure[s] that the debtor-tenants [of nonresidential property] pay their rent, common area and other charges on time, pending the trustee's assumption or rejection

5

Case 24-41669    Doc 272    Filed 01/29/25    Entered 01/29/25 14:26:03    Desc Main
Document    Page 6 of 11

of the lease." *In re Bella Logistics LLC*, 583 B.R. 674, 679 (Bankr. W.D. Tex. 2018) (quoting 130 Cong. Rec. S8891, 599 (1984) (statement of Sen. Hatch)). Indeed, "[t]he plain language of § 365(d)(3) is clear: the debtor-tenant must fully and timely perform its obligations under the lease." *Id.*

20. Section 365(d)(3) attempts to "relieve landlords of the uncertainty of collecting rent fixed in the lease 'in full, promptly, and without legal expense' during the awkward postpetition prerejection period." *HA-LO Indus., Inc. v. Centerpoint Props. Trust*, 342 F.3d 794, 799 (7th Cir. 2003) (quoting *In re Handy Andy Home Improvement Ctrs., Inc.*, 144 F.3d 1125, 1128 (7th Cir. 1998)); *see also In re CEC Ent., Inc.*, 625 B.R. 344, 352 (Bankr. S.D. Tex. 2020) (quoting *In re Hitz Rest. Grp.*, 616 B.R. 374, 376 (Bankr. N.D. Ill. 2020)) ("The legislative history reflects congressional concern that lessors of nonresidential real property had frequently been forced to extend credit to an estate during the time given for assumption or rejection of the lease."); *In re Imperial Beverage Grp., LLC*, 457 B.R. 490, 497 (Bankr. N.D. Tex. 2011) ("Congress perceived that result to be unfair to landlords because, unlike other creditors who could simply choose to stop doing business with the debtor post-petition, landlords were stuck with the debtor while it decided whether to assume or reject the lease, during which time the debtor was not paying rent and the landlord could not re-let the space. … The Shopping Center Amendments, and § 365(d)(3) specifically, solved this problem by ensuring that debtors continued to perform obligations under commercial leases, including the obligation to pay rent, notwithstanding the consideration of any benefit to the bankruptcy estate.") (citations and internal quotations omitted).

21. Section 365 does not explicitly provide a remedy for a debtor in possession's failure to pay postpetition rent. *Bella Logistics*, 583 B.R. at 679. Bankruptcy courts therefore

rely on their authorization under section 105(a) of the Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code]," 11 U.S.C. § 105(a), to fashion appropriate remedies for violations of section 365(d)(3). *See In re Telesphere Commc'ns, Inc.*, 148 B.R. 525, 531-32 (Bankr. N.D. Ill. 1992) (using section 105(a) to order the debtor "to pay immediately the rent that it was obligated to pay" during the postpetition, prerejection period).

22. Courts may compel debtors to immediately pay postpetition rent or shorten the time to assume or reject the lease in question. *See In re Steepologie, LLC*, No. 23-10671-CGB, 2024 WL 117525, at *2 (Bankr. W.D. Tex. Jan. 10, 2024) (noting that remedies "such as lifting the stay to permit eviction or shortening the assume/reject deadline or even ordering immediate payment . . . may be available where circumstances dictate"); *In re Microvideo Learning Sys., Inc.*, 232 B.R. 602, 605 (Bankr. S.D.N.Y. 1999) (observing that, if a debtor fails to pay postpetition rent, "the landlord should be able to move to compel payment and, absent cause shown by the debtor, the court should direct the debtor to immediately pay the claim"); *Telesphere*, 148 B.R. at 531-32 (ordering the debtor "to pay immediately the rent that it was obligated to pay"); *In re Tammey Jewels, Inc.*, 116 B.R. 292, 294 (Bankr. M.D. Fla. 1990) (highlighting that a lessor "may seek an order directing the debtor/tenant to pay the rent forthwith or may file a motion to shorten the time to assume or reject the lease in question").

23. It is undisputed that EYM Indiana has failed to pay any Postpetition Rent under NST's Lease, in violation of section 365(d)(3). Accordingly, NST requests that EYM Indiana be compelled to reject the NST Lease and immediately vacate the Premises. Because EYM Indiana has knowingly violated its obligations under section 365(d)(3), enforcement by Court order is both necessary and appropriate. Although the Order Granting Extension did address

7

the rejection of the NST Lease, it failed to provide any timeframe for EMY Indiana's surrender of the NST Property to NST.

24. Courts may also award lessors the attorneys' fees and costs incurred to enforce a debtor in possession's compliance with section 365(d) "as long as the underlying lease gives a landlord the right to recover its attorney fees upon breach by tenant-debtor." *In re Geonex Corp.*, 258 B.R. 336, 342 (Bankr. D. Md. 2001) (citing *In re Health Sci. Prod., Inc.*, 191 B.R. 895, 913 (Bankr. N.D. Ala. 1995), and *In re MS Freight Distribution, Inc.*, 172 B.R. 976, 978-79 (Bankr. W.D. Wash. 1994)); *see also In re: Fore Mach., LLC*, No. 22-40487-MXM-11, 2023 WL 5355840, at *13-16 (Bankr. N.D. Tex. Aug. 21, 2023) (allowing attorneys' fees as part of administrative expense claim under section 365(d)(3)); *In re Mr. Gatti's, Inc.*, 164 B.R. 929, 933 n.3 (Bankr. W.D. Tex. 1994) (observing that Congress chose to use the word "obligations" rather than the defined word "claim" and that courts have required payment of lessors' reasonable attorneys' fees pursuant to section 363(d)(3)); *In re Compuadd Corp.*, 166 B.R. 862, 866-67 (Bankr. W.D. Tex. 1994) (allowing "landlord creditors that requested attorney's fees as one of the 'obligations' due under § 365(d)(3) . . . to bring those requests on for hearing with additional pleadings as that issue was reserved for future consideration by agreement of the parties").

25. The Postpetition Rent is an "obligation of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property" and therefore should have been paid "timely." 11 U.S.C. § 365(d)(3). NST's reasonable attorneys' fees and costs also constitute an "obligation" within the meaning of section 365(d)(3), as the NST Lease contains a provision entitling NST to be indemnified by EYM Indiana under 7.12 of the NST Lease and under Paragraph 3, subsection (iii) of the Order Granting Extension.

26.    Accordingly, NST is entitled to payment of its reasonable attorneys' fees and costs under section 365(d)(3).

27.    NST is also entitled to allowance and payment of administrative expense claim under section 503(b) of the Code for all unpaid Postpetition Rent. *Imperial Beverage Grp., LLC*, 457 B.R. at 500 (landlords are entitled to an administrative expense claim for all lease obligations debtor is required to pay under section 365(d)(3)); *id*. at 503 ("Imperial's obligation to pay its February rent arose on February 10; that is a post-petition obligation that Imperial should have timely performed under § 365(d)(3). When it did not, Imperial opened itself up to Three Way's administrative expense claim for $2,850, which, for the reasons discussed in Part B, the Court will allow under § 503(b).").

28.    Therefore, NST is entitled to an administrative expense claim for all Postpetition Rent under the NST Lease through the date EYM Indiana vacates the Premises, plus $3,500 for NST's reasonable attorneys' fees and expenses related to this Motion

### V.     RESERVATION

29.    NST expressly reserves all its rights, claims, remedies and defenses under the NST Lease and applicable law.

### VI.     NOTICE

30.    Notice of this Motion has been provided by CM/ECF to (a) the Office of the United States Trustee for the Eastern District of Texas; (b) counsel to the Debtors; and (c) all other parties who have requested notice and service of all pleadings via the Court's CM/ECF system. In light of the nature of the relief requested, NST submits that no other or further notice is required.

## VII.    PRAYER

WHEREFORE, NST respectfully requests the entry of an order, substantially in the form attached hereto, (a) compelling EYM Indiana to immediately reject the NST Lease, vacate the Premises, and pay all Postpetition Rent, including NST's reasonable attorneys' fees and costs related to this Motion; (b) awarding NST an administrative expense claim for all amounts due under the NST Lease from and after the Petition Date; and (c) awarding such other relief as is just.

Dated: January 29, 2025

Respectfully submitted,

GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM, DUPLANTIS & EAGAN, LLC
By: */s/ Armistead M. Long*
Armistead M. Long (Texas Bar No. 24035576)
1015 Saint John St.
Lafayette, LA 70501
Telephone: (337) 237-0132
Facsimile: (337) 237-3451
Email: along@gamb.com
- and –
Adam J. Russ
TX Bar No. 24109435
1001 Fannin St., Suite 3850
Houston, TX 77002
Telephone: (713) 333-5500
Email: aruss@gamb.com
-
- and –

KORANSKY, BOUWER & PORACKY, P.C.
James M. Yannakopoulos
(Pro Hac Vice)
425 Joliet Street, Suite 425
Dyer, IN 46311
Telephone: (219) 865-6700
Facsimile: (219) 865-5839
Email: jyannako@kblegal.net

*Counsel for National Surety Trust II, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 29, 2024, a true and correct of this Motion was filed with the Court and served (i) via the Court's CM/ECF system upon all parties receiving such electronic service in this proceeding and (ii) via email to the following parties:

- ***Debtors' Counsel*** – Howard Marc Spector (hspector@spectorcox.com)

- ***U.S. Trustee*** – John M. Vardeman (john.m.vardeman@usdoj.gov)

- ***Secured Lender*** – J. Seth Moore (semoore@swlaw.com); Zachary A. Cooper (zcooper@swlaw.com); and Steven J. Jerome (sjerome@swlaw.com)

GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM, DUPLANTIS & EAGAN, LLC

By: */s/ Armistead M. Long*
Armistead M. Long (Texas Bar No. 24035576)

11