# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| **EYM PIZZA, L.P.,** *et al.*, § | **CASE NO. 24-41669** |
| § | **(Jointly Administered)** |
| Debtors. § | |
| § | |

## AGREED INTERIM ORDER REGARDING MOTION TO
## REJECT LEASES AND SCHEDULING FINAL HEARING

On January 8, 2025, the Court held an emergency interim hearing on the Motion to Reject Leases (Docket No. 234, the "**Motion**") filed by EYM Pizza, L.P., EYM Pizza of Illinois, LLC, EYM Pizza of Indiana, LLC, EYM Pizza of Georgia, LLC, EYM Pizza of SC, LLC and EYM Pizza of Wisconsin, LLC (collectively, the "**Debtors**").  Pizza Hut LLC and the Debtors announced an agreement respecting the issues raised in the Objection of Pizza Hut, LLC to Debtors' Motion to Reject Leases (Docket No. 239)   Based on that agreement, and noting the support of approval of such agreement by SMBC MANUBANK, the principal secured creditor, and upon the proceedings held and record thereon before this Court and good and sufficient cause appearing therefore, approves the following agreement between the Debtors and Pizza Hut:

1. The Debtors operate a group of restaurant locations (each a "**Store**") which they intend to offer for Sale[1] at auction.   Pizza Hut has agreed to tender a stalking horse bid of $40,000 ("**Per Store Bid Price**") per Store for any Store which is (i) identified on <u>Exhibit A</u> and (ii) demonstrated to be open and operating as of January 17, 2025;provided however, that it is a condition of Pizza Hut's obligation to pay the Per Store Bid Price for a Store that such Store be open and operating at the time of closing of the Sale of such Store, unless

---

[1] "Sale" for purposes of this Order shall mean the sale of the contents of the Store and the assumption and assignment of the leasehold interest in the Store.

Page  1

the such Store is to be rejected per the terms of paragraph 6 of this Order. For the avoidance of doubt and for purposes of this Order, "open and operating" shall mean for any Store that such Store (i) has reported sales revenue for the day before the applicable measuring date, (ii) has employees who are actively employed, and (iii) has maintained operational equipment sufficient to produce all required Pizza Hut menu items consistent with such Store's historical operation.

2. For the 9 Stores identified in <u>Exhibit B</u>, the Debtors shall use best efforts to re-open such Stores. As to any Store identified in Exhibit B re-opened and operational at closing of the Sale of such Store, , Pizza Hut will pay $40,000.00 for such Store, which the Debtor will also treat as a stalking horse bid at the Auction; provided however, that it is a condition of Pizza Hut's obligation to pay the Per Store Bid Price for any Store on Exhibit B that such Store be open and operating at the time of closing of the Sale of such Store, unless the such Store is to be rejected per the terms of paragraph 6 of this Order

3. Accordingly, Pizza Hut's total potential stalking horse bid for 39 restaurants is the amount of $1,560,000.00.

4. Pizza Hut shall tender a deposit (the "Deposit") by January 21, 2025 in the amount of $10,000 per Store on Exhibit A and Exhibit B collectively, provided such Store is open and operating as of January 17, 2025, based on the 39 stores potentially subject to Pizza Hut's stalking horse bid pursuant to this Order.

5. If the Debtors consummate the Sale of a Store which is the subject of Pizza Hut's stalking horse bid pursuant to this Order to a third party, Pizza Hut shall have no further obligation with respect to such Store.

6. If the Debtors do not consummate the Sale of a Store which is the subject of Pizza Hut's stalking horse bid pursuant to this Order to a third party, Pizza Hut shall be obligated to pay the Per Store Bid Price to the Debtors for such Store, less the Deposit, and Pizza Hut shall have the option to (i) instruct the Debtors in writing to reject the lease relating to such Store, or (ii) request in writing that the Debtors assume and assign the lease of such store to Pizza Hut (or any affiliate of Pizza Hut) with Pizza Hut being obligated to pay any costs of cure provided under 11 U.S.C. 365(b) and as more specifically set forth in any order approving the Sale of a Store to Pizza Hut.   In either event Pizza Hut shall be entitled to an assignment of all of the Debtors' right, title and interest in the contents of such Store.

7. The Debtors reserve the right to auction any Stores which are the subject of Pizza Hut's stalking horse bid pursuant to this Order after the Stores which are not the subject to this Order; provided, however, that the minimum bid accepted by the Debtors for each such Store shall be greater than the Per Store Bid Price; provided further that nothing contained herein shall prohibit Pizza Hut from bidding on any Stores at any auction thereon.

8. Pizza Hut waives any claims against the proceeds of the Stores on Exhibit A and Exhibit B.

9. For any third-party that intends to operate such Store as a Pizza Hut franchised location, Pizza Hut will waive any initial franchise fee and place a 3 year delay on any required capital expenditures   ; provided that such third party has received or will receive approval as a franchisee by Pizza Hut    Pizza Hut makes no concessions regarding a Store which is not subject to this Order.

10. Pizza Hut shall not condition the acceptance of any third party franchisee that bids on a Store on such franchisee operating or bidding on any Store which is the subject of the Motion, or such franchisee purchasing a Store from Pizza Hut after the time of the auction.

11. All relief not granted herein is reserved for the time of a final hearing on the Motion.

12. A final hearing on the Motion is set for January 30, 2025 at 10:00 am.

13. This Order is not subject to the 14-day stay provision of Bankruptcy Rules 4001(a)(3) or 6003.   This Order shall be effective immediately upon entry.

Signed on 01/30/2025

AGREED AS TO FORM AND CONTENT:

_____ SD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

/s/ Eric C. Seitz
Charles R. Gibbs (Texas State Bar No. 07846300)
Eric C. Seitz (Texas State Bar No. 24067863)
MCDERMOTT WILL & EMERY LLP
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201
Tel: (214) 295-8000
crgibbs@mwe.com
eseitz@mwe.com

COUNSEL FOR PIZZA HUT, LLC


/s/ Howard Marc Spector
Howard Marc Spector (Texas State Bar No. 00785023)
SPECTOR & COX, PLLC.
12770 Coit Road, Suite 850
Dallas, Texas 75251
Tel: (214) 365-5377
hspector@spectorcox.com

ATTORNEY FOR DEBTORS

Exhibit A

| State | ID# | Location |
|---|---|---|
| GA | 34719 | Waycross R2KD |
| GA | 34741 | Vidalia |
| GA | 34745 | Mall Blvd |
| GA | 34737 | Metter |
| GA | 34743 | Sylvania |
| GA | 34746 | Wilmington Island |
| GA | 34726 | Baxley |
| IL | 35082 | Prospect Road |
| IL | 32429 | New Lenox |
| IL | 34706 | Marshfield |
| IL | 32426 | Bourbonnais |
| IL | 35080 | Pioneer Parkway |
| IL | 35088 | Morton |
| IL | 35680 | Homer Glen |
| IL | 35084 | Campustown |
| IL | 32450 | Frankfort |
| SC | 34750 | Bluffton Delco |
| SC | 34753 | Robert Smalls Pkwy |
| WI | 35660 | W Capitol Dr |
| WI | 35642 | Summit Avenue |
| WI | 35637 | W Sunset Drive |
| WI | 35633 | Washington Avenue |
| WI | 35653 | West Allis |
| WI | 35647 | North Farwell |
| WI | 35666 | S Taylor Dr |
| WI | 35654 | Douglas Avenue |
| WI | 35641 | South Business Drive |
| WI | 35661 | Fort Atkinson (office) |
| WI | 35672 | West Silverspring Drive |
| WI | 35650 | New Berlin |

Exhibit B

| State | ID# | Location |
|---|---|---|
| GA | 34730 | 60 Exchange St |
| GA | 34731 | 610 S Harris St, Suite C |
| GA | 34740 | 803 S Pierce Street |
| IL | 35083 | 3311 N Sterling Avenue - Suite #2 |
| IL | 35087 | 417 Jubilee Lane |
| WI | 35464 | W189 S7791 Racine Avenue |
| WI | 35657 | 1350 W Capitol Dr |
| WI | 35667 | 1080 Milwaukee Ave |
| WI | 35674 | 1460 S Main St, St 13-14 |